IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jennifer Raquel Taylor, | ) | Case No. 6:20-cv-02291-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Katherine H. Tiffany, Greenville County Child Support Enforcement, Karen McManaway, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Jennifer Raquel Taylor ("Plaintiff" or "Taylor"), proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, brings this case purportedly seeking damages for alleged violations of her constitutional rights. (DE 9, p. 1.) As referenced in the Report, Plaintiff's Complaint is difficult to decipher. However, a thorough review of it indicates Plaintiff alleges Katherine H. Tiffany ("Judge Tiffany"), a Greenville County Family Court judge; certain unnamed Greenville County Child Support Enforcement agents ("Enforcement Agents"); and Karen McManaway ("McManaway"), a lawyer with the McManaway Law firm (collectively "Defendants"), violated her Fourth and Fourteenth Amendment rights by denying her right to due

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

process, depriving her of her liberty and pursuit of happiness, and denying her right to equal protection. (DE 9, pp. 8-9.) Specifically, Plaintiff alleges that Defendants acted wrongfully through:

> denial of due process, trespassing, attempt of fraudulent inducement force compelled misrepresentation, old phone number tapped, followed by Title IV-D agents. . . . My human offspring witnessed everything.

(DE 1, p. 4.) The Complaint purports to assert claims pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights related to a child support action in the state family court. (DE 9, pp. 3-4.)

Since Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, on June 23, 2020, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing the Complaint because Plaintiff has failed to allege facts against the named Defendants to state a plausible claim for relief. Namely, *inter alia,* Judge Tiffany is shielded from claims against her by the doctrine of judicial immunity. (DE 9, p. 5.) Likewise, the Enforcement Agents are entitled to quasi-judicial immunity to the extent that Plaintiff's claims against these Defendants involve their actions as officers of the family court enforcing a child support order. (DE 9, p. 6.) In addition, McManaway has not acted under color of state law and, therefore, Plaintiff cannot bring a § 1983 claim against her as she is not a person amenable to suit under § 1983. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d 40 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law.") Lastly, Plaintiff makes no specific allegations about the conduct of any of the named Defendants.

Although Plaintiff has filed an objection to the Report (DE 14), to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff filed a document titled "Title 42 USC 1983 18 USC 241 Complaint" purporting to be a notice of appeal to the United States Court of Appeals for the Fourth Circuit. (DE 14, p. 1.) The document includes an affidavit of Jennifer Taylor, which cites Coolidge v. New Hampshire, 403 U.S. 443, 443, 91 S. Ct. 2022, 2026, 29 L. Ed. 2d 564 (1971), and references her request for a neutral and detached magistrate. Additionally, the affidavit states:

> 31 USC 6305 . . . The right to a honest and fair hearing. Any judge who accepts bribery, illegal payments, or have a financial interest in a hearing in proceeding are

>Bias, and do not recuse or disqualify themselves are in violation of the United States constitution and objection of justice.

(DE 14-1, p. 2.) To the extent Plaintiff intends this filing to be an objection to the Report, the Court finds this objection to be non-specific; and therefore, this Court is not required to give any explanation for adopting the recommendation.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and dismisses Taylor's Complaint. It is, therefore, **ORDERED** that the Complaint (DE 1) is dismissed without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

September 23, 2021
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.